UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>              Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>             Defendant. | CASE NO. C21-5686 BHS<br><br>ORDER ON *IN FORMA PAUPERIS* STATUS FOR PURPOSES OF APPEAL |

This matter comes before the Court on the Ninth Circuit's referral for the limited purpose of determining whether Plaintiff Barbara Stuart Robinson's *in forma pauperis* status should continue on appeal. Dkt. 32.

Plaintiff commenced this action in September 2021 against Defendant State of Washington alleging that the State Department of Social and Health Services was negligent in failing to act on her report of abuse of a vulnerable adult. Dkt. 1-1. Plaintiff was granted *in forma pauperis* ("IFP") status. Dkt. 4. Plaintiff sued only the State and asserted only a 42 U.S.C. § 1983 claim for negligence, Dkt. 1-1 at 6, and the State moved to dismiss her complaint for failure to state a claim and for lack of subject matter jurisdiction, Dkt. 14. The Court granted the motion, concluding that Plaintiff failed to

ORDER - 1

state a constitutional claim against the State, did not demonstrate that the State is a "person" for § 1983 purposes, and did not show that this Court has subject matter jurisdiction over her state law claims against the State. Dkt. 26.

Plaintiff then appealed. *See* Dkts. 28–30. The Ninth Circuit issued the instant, limited referral for this Court to determine whether Plaintiff's IFP status should continue for the purposes of appeal. Dkt. 32.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). "[A]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The determination whether a party can proceed IFP is a "matter within the discretion of the trial court." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963). The Court here determines that an appeal would be frivolous. Generally, an issue is not frivolous if it has an "arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff failed to state any cognizable claims against the State, and her claims did not have an arguable basis in law or fact.

The Court thus concludes that Plaintiff may not proceed on appeal with IFP status.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2